JUDGE OETKEN

**13 CV 6387**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

MICHAEL MULROONEY,

                                Plaintiff,

                -against-

Police Officer WILLIAM ORTIZ, Shield No.
15048; and JOHN and JANE DOE 1 through 10,
individually and in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

                            Defendants.

-------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

RECEIVED
SEP 1 2013

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

**JURY DEMAND**

5.      Plaintiff demands a trial by jury in this action.

**PARTIES**

6.      Plaintiff Michael Mulrooney ("plaintiff" or "Mr. Mulrooney") is a resident of New York County in the City and State of New York.

7.      Defendant Police Officer William Ortiz, Shield No. 15048 ("Ortiz"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Ortiz is sued in his individual and official capacities.

8.      At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9.      At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10.     At all times relevant herein, all individual defendants were acting under color of state law.

**STATEMENT OF FACTS**

11.     At approximately 11:00 p.m. on May 16, 2013, Mr. Mulrooney was

lawfully standing in the front of an apartment building in the vicinity of Park Avenue and East 74th Street in Manhattan.

12.    Mr. Mulrooney, the resident manager of the apartment building, had observed a bag of trash placed up against the wall of the apartment building.

13.    Mr. Mulrooney directed someone on his staff to open a service door to the building so the trash could be thrown away.

14.    A stranger then approached Mr. Mulrooney inquiring about the bag of trash. When Mr. Mulrooney advised that the trash had been thrown out, the stranger demanded that plaintiff give it back and began to berate and follow Mr. Mulrooney about the front of the building.

15.    Mr. Mulrooney called 911 for assistance.

16.    When defendants arrived, they approached Mr. Mulrooney in an aggressive manner and, without probable cause or reasonable suspicion to believe he had committed any crime or offense, defendants arrested him.

17.    Mr. Mulrooney, a retired NYPD 2nd grade detective, was stripped of his gun, placed in tight handcuffs, put into a police vehicle and taken to a police precinct.

18.    At the precinct, Mr. Mulrooney was fingerprinted, a mug shot was taken and, knowing plaintiff was a former detective, defendants then placed him in a cell with other arrestees.

19.    At the precinct, the officers falsely charged Mr. Mulrooney with the

crimes of possession of stolen property and petit larceny and prepared false paperwork to that effect, including Desk Appearance Ticket documentation.

20.    At no point did the officers observe plaintiff commit any crime.

21.    After approximately four hours in custody, Mr. Mulrooney was issued a Desk Appearance Ticket.

22.    After making several appearances in criminal court, all the charges were dismissed against plaintiff.

23.    To date, Mr. Mulrooney remains stripped of his firearm as well as his armed guard license as a result of this arrest.

24.    Mr. Mulrooney suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

### FIRST CLAIM
### Unlawful Stop and Search

25.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26.    Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

27.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

28.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

30.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

31.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

33.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights.  The prosecution by defendants of plaintiff constituted malicious prosecution in that there

was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

34.    As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

### FOURTH CLAIM
#### Failure To Intervene

35.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

37.    Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

38.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.


DATED:     September 11, 2013
           New York, New York


                    HARVIS WRIGHT
                    SALEEM & FETT LLP


                    _____
                    Baree N. Fett
                    305 Broadway, 14th Floor
                    New York, New York 10007
                    (212) 323-6880
                    bfett@hwsflegal.com

                    *Attorneys for plaintiff*